33 C.C.P.A. (Patents)
## APPLICATION of BOREN.
### Patent Appeal No. 5067.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

Rehearing Denied Feb. 28, 1946.

William L. Edmonston, of Washington, D. C., and Arthur Wm. Nelson, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 23 to 25, inclusive, and 27 to 29, inclusive, of an application for a patent for improvements in bassinets. Five claims were allowed. The claims were rejected in view of the prior art, which consists of the patents to Comins, 274,467, March 27, 1883, and Bailey, 296,379, April 8, 1884.

Claims 23 and 27 are illustrative and read as follows:

"23. A bassinet embodying therein a generally rectangular open top body having a head end portion and foot end portion, said body comprising a bottom and imperforate side and end walls rising from the bottom, the head end portion being substantially longer and being higher than the foot end and defining a relatively deep portion providing sufficient cubicle capacity to protect an infant placed therein, the foot end portion because of its less depth permitting convenient arm movement of the attendant handling the infant in the bassinet.

"27. An infant's isolation cubicle bassinet embodying therein an open top body longer than it is wide and having a head end portion and a foot end portion, said body comprising a bottom for the support of a pad or cushion, and imperforate transparent side and end walls rising from the bottom, the head end portion which is longer than the foot end portion being not less than 18″ in length and being of such depth that the top edge thereof is not less than 9½″ above the top of the pad to be supported by the bottom, the foot end portion being lower than the head end portion whereby arm movement of the attendant is facilitated in handling the infant from the foot end of the bassinet."

The invention relates to an infant's bassinet structure comprising a rectangular body, the side and end walls of which may be transparent plastic panels. There is a top frame and a bottom frame in the rectangular body, connected together by bars. The bottom of the bassinet is a perforated metal plate, and a removable fabric cover-

ing containing a slidable transparent window may be used for the top of the bassinet when it is desired to fully enclose the bassinet or turn it into an incubator. The walls are lower at the foot end of the device to facilitate handling the child. Air filters, humidifying and warming units, etc., may be placed in the bassinet. It is said that hospital technique is improved in the use of such bassinets because of the isolation.

The Comins reference relates to folding cribs and was relied on for its disclosure of a container for a child in which the side walls are of a greater height at the head end and lower at the foot end.

The Bailey patent relates to infant's carriages and discloses a rectangular body, comprising imperforate side walls which are high at the head end and of reduced height at the foot end.

Claim 24 is similar to claim 23 with the exception that it is stated that the head portion of the bassinet is of a length "approximating that of the infant." Claim 25 adds the statement that the bassinet has top and bottom frames. Claims 27, 28 and 29 differ from the other rejected claims by a statement of specific dimensions in the structure.

All of the claims were rejected on the patent to Bailey in view of the Comins patent, and were further rejected on the patent to Comins in view of the Bailey patent.

The only question to be decided here is whether or not there is a patentable difference between the structure called for by the rejected claims and the disclosures in the references.

It clearly appears that the structure of the Bailey patent comprises a rectangular open top body with a bottom and imperforate walls rising therefrom. The head portion is higher than the foot and therefore makes the head part of the device sufficiently deep to protect the infant, and the end or foot portion, being less deep, permits convenient arm movement of an attendant handling the infant in the bassinet. Thus it will be seen that the limitations of claim 23 are fully met by the Bailey disclosure with the exception of the statement that the head portion is "sub-

stantially longer" than the foot. We do not consider this difference to be patentable, for the reason that it is clearly only a matter of degree. Furthermore, it is shown to be old in the device of the Comins patent to extend the high protecting head portion more than half way along the receptacle, and it seems obvious to us that the device of the Bailey patent could have the high portion of its side walls extended without the exercise of invention and without producing any new or unexpected result.

The rather vague expression by which claim 24 differs from claim 25, namely, "of a length approximating that of the infant," is likewise merely a matter of degree. It appears to us that the high side walls of the Comins device are at least the length of an infant. Therefore we perceive no error in the rejection of claims 23 and 24.

Claim 25, in addition to the limitation of "top and bottom frames," also states that the walls of the bassinet are transparent, and while there is a reference in the claim that the cubicle is deep enough to prevent infection of its occupant by bacteria-laden air, this is meaningless as far as the definition of structure is concerned. High walls to prevent drafts would certainly be obvious to one caring for an infant, but infection might occur in any atmosphere not actually sterile. We can see no invention in fitting the walls of the Bailey device into a frame-work instead of fastening them directly together, and with respect to the limitation that the walls are transparent the best that can be said of the adaptation by appellant of the transparent walls to his device is merely that he recognized transparent substances as being suitable material for his own structure.

The dimensions set out in claims 27, 28 and 29 were not contained in the specification as filed, and therefore could not properly have been inserted unless they were obvious. Appellant cannot claim patentability on something not originally disclosed. There is no evidence in the record to show that the dimensions in those claims are in any way critical. Therefore we are in agreement with the holding below that those claims are not patentable.

The decision of the Board of Appeals is affirmed.

Affirmed.